CITY OF BOSTON *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Under the St. of 1869, c. 266, the county commissioners of Middlesex have no power to assess the expense of repairing Malden Bridge on any city outside the county.

PETITION for a *certiorari* to be directed to the respondents, ordering them to return into this court the record of their doings under the St. of 1869, *c.* 266, in the assessment of the expense of repairing Malden Bridge, and alleging that the assessment on the petitioners was unlawful.

The respondents, under the St. of 1869, *c.* 266,* on April 21, 1870, assessed the expense of repairing Malden Bridge for the

---

* The material parts of this statute are as follows:

"SECTION 1. Malden Bridge, over Mystic River, in the city of Charlestown, shall hereafter be kept in repair, and the draw thereof opened for the passage of vessels, at all proper times, at the expense of such cities and towns as may be specially benefited by the maintenance of said bridge, and of such corporations as may have authority to run street railway cars or other vehicles, or parties engaged as common carriers of passengers over said bridge.

"SECTION 2. The county commissioners of Middlesex county shall, in the month of May of the present year, and thereafter in the month of April, annually, after due public notice and hearing of all parties in interest, proceed to determine and award what cities, towns, corporations and parties engaged as common carriers of passengers over said bridge, are benefited as aforesaid, and apportion and assess the probable expense of the repairs and maintenance of said bridge for the next ensuing year, in such manner and amount as they shall deem equitable and just."

"SECTION 4. If either of said commissioners shall reside in the city of Charlestown, or in either of the towns of Malden, Melrose, Wakefield, Reading, North Reading or Stoneham, then a special commissioner shall act in his stead, as provided in section twelve of chapter seventeen of the General Statutes."

**year** ending April 30, 1871, upon several cities and towns and upon the Middlesex Railroad Company. All the cities and towns assessed, except the petitioners, were in Middlesex county. The petitioners contended that the respondents could not lawfully lay any assessment on a city or town not within that county.

The case appeared to be as above stated from the petition and answer, on which it was reserved by *Morton*, J., for the consideration of the full court.

*J. P. Healy*, for the petitioners. When powers are conferred upon a tribunal of limited local jurisdiction, without specification of the territorial limits within which such powers are to be exercised, the tribunal can exercise them only within the territorial limits of its general jurisdiction. Whenever the Legislature has provided for the erection or maintenance of bridges at the expense of different counties, or of municipalities in different counties, the adjudication and apportionment of those expenses have never been intrusted to the county commissioners of either county, but to commissioners appointed by this court. Sts. 1868, *cc.* 309, 322 ; 1869, *c.* 161 ; 1870, *c.* 182.

*H. W. Bragg*, for the defendants.

CHAPMAN, C. J. The general jurisdiction of county commissioners does not extend beyond the limits of their respective counties. The St. of 1869, *c.* 266, respecting Malden Bridge, is a special act, giving certain powers to the county commissioners of Middlesex county. Some of these duties are to be performed annually. But no part of the act purports to extend their jurisdiction into other counties, and it is not to be presumed, without a clear expression of intention, that the Legislature would make such an extension. On the contrary, the acts cited by the petitioners show that when other counties, or towns belonging to other counties, are to be charged with a part of the expense of supporting a bridge out of their own county, some other tribunal than the commissioners of the county where the bridge is situated is authorized to make the assessment. Impartiality would seem to require this.                       *Writ to issue.*